
FILED
OCT 30 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINCENT EUGENE WILLIAMS,

    Petitioner,

v.                                      Civil Action No. 3:17CV117

VIRGINIA DEPARTMENT OF CORRECTIONS,

    Respondent.

**MEMORANDUM OPINION**

Vincent Eugene Williams, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging the manner in which the Virginia Department of Corrections ("VDOC") is executing his fifteen-year sentence for robbery imposed by the Circuit Court for the County of Stafford ("Circuit Court"). Respondent has moved to dismiss on the grounds that, inter alia, Williams's sentence is fully served and thus the action is moot. Williams has responded. (ECF Nos. 24, 25.) For the reasons set forth below, the Motion to Dismiss (ECF No. 20) will be granted.

**I. PROCEDURAL HISTORY**

On September 24, 1990, Williams pled guilty to robbery in the Circuit Court. (§ 2254 Pet. 6, ECF No. 1.)[1] The Circuit Court imposed a sentence of fifteen years with nine years

---

[1] The Court employs the pagination assigned to Williams's submissions by the CM/ECF docketing system.

suspended (the "Robbery Sentence"). (Brown Aff. ¶ 4d n.1, ECF No. 21-5.) "On July 15, 2003, offender Williams became a state-responsible offender," and "[w]hen Williams was received by the VDOC," he had several outstanding sentences, including the fifteen-year sentence for robbery imposed by the Circuit Court. (Id. ¶ 4.) "On July 21, 2008, Williams was released on mandatory parole." (Id. ¶ 5.)

On August 21, 2009, the Circuit Court revoked and reimposed four years of the remaining time on Williams's previously suspended sentence for his robbery conviction. (Id. ¶ 7.) "[Williams] was discharged by the Virginia Department of Corrections on March 15, 2016," after he had satisfied all of the time on his Robbery Sentence.[2] (Id. ¶ 16.)

On or about July 7, 2015, Williams filed a petition for a writ of habeas corpus with the Circuit Court wherein he alleged that the VDOC had incorrectly calculated his sentences and that he had already completed the original sentence for robbery imposed by the Circuit Court. (ECF No. 21-3, at 9.) The Circuit Court denied the petition on October 19, 2015. (ECF No. 21-4, at 50, 54.) The Supreme Court of Virginia refused Williams's petition for appeal. (ECF No. 21-4, at 80.)

---

[2] Williams is currently incarcerated in the Henrico County Jail on unrelated matters. (Mem. Supp. Resp't's Mot. Dismiss 1 n.1, ECF No. 21.)

2

Williams filed his current § 2254 Petition on February 2, 2017.[3] Williams challenges the execution of his Robbery Sentence, arguing that as to the four-year term imposed by the Circuit Court on August 21, 2009, he "serv[ed] excessive time totalling more time served than state law permits for completion of a four (4) year sentence that was the remaining portion of an original fifteen (15) year sentence." (§ 2254 Pet. 6.)

## II. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus

---

[3] The earliest possible date of filing of a habeas petition from an incarcerated pro se litigant is the date on which the prisoner delivered the petition to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). Here, Williams's § 2254 Petition includes a declaration indicating that he placed his petition in the prison mailing system on February 2, 2017. (§ 2254 Pet. 12.)

3

based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

### III. ANALYSIS

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). There is no case or controversy unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (quoting Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990)); see Spencer, 523 U.S. at 18 (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable

continuing effect were right or wrong"). Where a habeas petitioner's sentence has expired and he does not challenge the underlying conviction itself, he must demonstrate the existence of "collateral consequences" that rise to the level of an actual injury. Id. at 14 (holding that courts will not presume any actual injury arising from parole revocation if petitioner is no longer incarcerated) (citing Lane v. Williams, 455 U.S. 624, 631-33 (1982))).

Williams had fully served the Robbery Sentence when he was released by the VDOC on March 15, 2016.[4] (Brown Aff. ¶ 16, ECF No. 21-5.) Williams filed his current § 2254 Petition on February 2, 2017. Williams complains that the VDOC incorrectly calculated the time he was required to serve for his robbery conviction. Williams does not challenge the underlying conviction itself and does not attempt to demonstrate that the allegedly incorrect calculation inflicted any collateral consequences upon him. See United States v. Hardy, 545 F.3d 280, 284 (4th Cir. 2008) (alteration in original) (holding that "[i]n the absence of a presumption of collateral consequences, [petitioner] bears the burden of demonstrating collateral consequences sufficient to meet Article III's case-or-

---

[4] As discussed above, Williams is currently incarcerated in the Henrico County Jail for an unrelated matter. See (Mem. Supp. Resp't's Mot. Dismiss 1 n.1, ECF No. 21.)

controversy requirement" (quoting United States v. Probber, 170 F.3d 345, 348 (2d Cir. 1999))).

Williams argues that his current § 2254 Petition is not moot because when he filed his petition for a writ of habeas corpus with the Circuit Court he was "serving a[n] active sentence imposed . . . [for] an alleged parole violation that was time being served towards completion of the sentence in question . . . ." (Mem. Supp. Pet'r's Mot. Dismiss 1, ECF No. 25.) The relevant inquiry, however, is whether Williams's Robbery Sentence had expired when he filed his § 2254 Petition in this Court. See Spencer, 523 U.S. at 7-8.

Williams filed his current § 2254 Petition after he was released by the VDOC, and he does not demonstrate any collateral consequences resulting from the allegedly incorrect calculation.[5] Accordingly, Respondent's Motion to Dismiss (ECF No. 20) will be

---

[5] The Court notes that Williams also challenged the execution of his Robbery Sentence in a prior petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Williams v. Clarke, No. 3:12CV305, 2013 WL 458551, at *1 (E.D. Va. Feb. 6, 2013). The Court denied Williams's petition and dismissed the action on February 6, 2013. Id. at *4-5. Williams filed a Motion to Vacate on March 15, 2013. The Court construed the Motion to Vacate as a successive, unauthorized 28 U.S.C. § 2254 petition, and dismissed the petition for want of jurisdiction. Williams v. Clarke, Nos. 3:11CV417, 3:13CV245, 2013 WL 3804957, at *2 (E.D. Va. July 22, 2013). Williams's current § 2254 Petition could also be considered a successive, unauthorized habeas petition because Williams again challenges the execution of his Robbery Sentence. The Court does not further address this issue because Williams was released by the VDOC before he filed his current § 2254 Petition, rendering his current § 2254 Petition moot.

granted.[6] Williams's Motion to Dismiss Respondent's Motion to Dismiss (ECF No. 24) will be denied as moot. The § 2254 Petition will be denied and the action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel of record.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 27, 2017

---

[6] On August 7, 2017, Respondent filed a Motion for Substitution of Counsel. (ECF No. 18.) For good cause shown, the Court will grant Respondent's Motion for Substitution of Counsel.

7